UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:                                                 Case No. 6:09-bk-12240-ABB

JORGE CANELLAS,                    Chapter 7

         Debtor.
_____/

TRUSTEE'S OBJECTION TO
MOTION FOR RELIEF FROM STAY FILED BY US BANK

       Carla Musselman, Trustee, hereby files this Trustee's Objection to the *Motion for Relief from Stay* filed by US Bank National Association as Trustee of the Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, 2006-3 (Document No.22) (the "Motion"), and states:

       1.      On August 21, 2009, the Debtor filed a voluntary petition for chapter 7 bankruptcy in this Court.

       2.      On September 30, 2009, the initial meeting of creditors was held and continued to permit further examination of the Debtor.

       3.      On October 19, 2009, US Bank filed its Motion with twenty-one days negative notice, requesting relief from stay as to the Debtor's property located at 830 Hoffner Avenue, Orlando, FL 32809 (the Property).

       4.      An objection to US Bank's Motion would be timely filed on or before November 10, 2009.

       5.      The original note and mortgage attached to the Motion were executed in favor of Lehman Brothers Bank, FSB.

6.	On September 30, 2009 (post-petition), US Bank recorded an assignment of the mortgage between Aurora Bank FSB, formerly known as Lehman Brothers Bank in favor of US Bank National Association as Trustee of the Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, 2006-3, in Orange County, Florida, on October 5, 2009, at Book 9944, Page 1038 (the Assignment).

7.	The secured creditor appears to have been improperly identified in this case.[1]

8.	The Assignment appears to the Trustee to be invalid for at least three reasons.

9.	First, the Assignment is invalid because, at the date of its execution, September 30, 2009, the signing party could not have had authority to execute such document.[2]

10.	The Assignment is invalid because, by the terms of the Trust, such an assignment never occurred, and therefore, the current assignment is questionable in its veracity.[3]

---

[1] The Trustee's review of the SEC's public records at www.sec.gov reveals only two registered securitized trusts for Lehman Brothers designated 2006-3: "Lehman Mortgage Trust 2006-3" and "Lehman XS Trust 2006-3." Because the secured creditor attached no other documentation evidencing its interest (or existence), the Trustee is unable to establish that the secured creditor actually exists.

[2] The Trustee relies on the notary stamp date of September 30, 2009, for the execution date of the Assignment. On that date, Aurora f/k/a Lehman Brothers Bank did not own the mortgage and note, and could not have assigned them.

[3] The Assignment appears to be a transaction that has become commonly described as an "A to D" transfer. That is, it purports to assign the note and mortgage between parties which had no direct privity with each other; the transfer omits parties B and C who held the note and mortgage before D received it. Therefore, A *could not* have had authority to transfer the note and mortgage to D, because after it was transferred to B, A no longer had any interest in the asset.

11. Finally, the post-petition execution and recordation of the Assignment by the secured creditor may be a violation of the automatic stay. *See* 11 U.S.C. § 362(a)(4).[4]

12. If the secured creditor is to have a valid and enforceable secured claim against the real property of this estate in bankruptcy, the secured creditor must prove that, as of the petition date, it had physical possession of the original promissory note, properly endorsed in its favor.

13. The copy of the note attached to the Motion as its Exhibit A does not appear to be endorsed to any party, or in blank.

14. The Trustee requests that a hearing on this Objection be set at least 45 days from the date below, to provide time for the Trustee to prepare and serve discovery on the secured creditor related to the substantial questions raised by the Motion and post-petition Assignment.

15. In order to evaluate the estate's interest in the Property, the Trustee must know the actual identity of the owner of the subject note and mortgage, determine whether a violation of the automatic stay occurred, and determine whether a proper negotiation of the note and mortgage occurred.

WHEREFORE, the Trustee requests that this Court deny US Bank's Motion, and for such other and further relief as the Court deems proper and necessary.

---

[4] The Trustee admits that case law exists stating that post-petition transfers of mortgage enforcement rights *as between creditors* have been held not to be violations of the automatic stay. *See In re Halabi*, 184 F.3d 1335, 1337-1338 (11th Cir. 1999) (citing source stating the Code intends to protect sales of mortgages in the secondary market, so that a mortgage holder can transfer its interest post-petition to another creditor). However, the Trustee believes that an existing creditor's actions to perfect or enforce its own lien or security interest are at odds with § 362 and such activity was not addressed in *Halabi*. If the secured creditor's lien was not perfected as of the petition date, then the Assignment is avoidable pursuant to 11 U.S.C. § 549.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via first-class United States, postage prepaid, or via electronic filing this day, to Creditor: Broad and Cassel, attn C. Craig Eller, One North Clematis Street, Suite 500, West Palm Beach, FL 33401; Debtor: Jorge Canellas, 2033 Bearing Lane, Kissimmee, FL 34741; Debtors' Attorney: David L. Robold, 823 Irma Avenue, Orlando, FL 32803-3806; Chapter 7 Trustee: Carla Musselman, 1619 Druid Road, Maitland, FL 32751-4211; and to the United States Trustee's Office, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801.

Dated this 10th day of November, 2009.

CHILDERSLAW

Sixth Street Executive Center
1330 NW Sixth Street, Suite C
Gainesville, Florida 32601
tel 866.996.6104   fax 407.209.3870
net jchilders@smartbizlaw.com

 /s/ Seldon J. Childers, Esq.    .
   Florida Bar No. 61112