UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:                                                          Case No. 6:09-bk-12240-ABB

    JORGE CANELLAS,                                            Chapter 7

                    Debtor.
_____/

### TRUSTEE'S MEMORANDUM IN RESPONSE TO US BANK

COMES NOW CARLA P. MUSSELMAN, CHAPTER 7 TRUSTEE (the Trustee),
responding to the arguments propounded by U.S. Bank in regard to the Trustee's *Objection to
U.S. Bank's Motion for Relief from Stay* (Doc. 25), and in support thereof states as follows:

### Summary of the Trustee's Position

1.      The mortgage and note at issue in this matter are alleged by U.S. Bank (the Bank)
to be owned by a private securitized trust, the Lehman Brothers Small Balance Commercial
Mortgage Pass-Through Certificates, 2006-3 (the Trust).

2.      The Bank asserts that it has the authority to enforce the secured interest in the
real property related to the mortgage and note and requests relief from stay to do so.

3.      However, the Bank lacks the ability to enforce any alleged secured interest in the
real property for two independently sufficient reasons.

4.      First, the Bank lacks standing to obtain relief from stay, because it has no ability
to demonstrate that it had any pre-petition interest in the property, and its post-petition efforts
to acquire standing violate the automatic stay and are avoidable by the Trustee.

5.      Second, the Bank sat on its rights for years and never perfected its alleged
secured interest or even took possession of the note and mortgage until after the bankruptcy

petition was filed. As a matter of law and equity, the Bank should have no better position than the other unsecured creditors in the case.

Time Line of Significant Events

6.     Upon information and belief, the relevant circumstances are as follows:[1]

| Date | Event |
|---|---|
| August 1, 2006 | Jorge Canellas executes a note and mortgage in favor of Lehman Brothers Bank, FSB |
| 2006 | The Trust is created[2] |
| 2006 | Lehman Brothers is paid by the Trust for a pool of mortgages used to form the corpus of the Trust – *extinguishing Lehman Brothers' right to enforce the note and mortgage* |
| April 2009 | Aurora Bank, FSB acquires bankrupt Lehman Brothers Bank, FSB |
| **August 21, 2009** | **Bankruptcy petition filed** |
| September 28, 2009 | U.S. Bank executes and subsequently records an assignment of the mortgage between Aurora and the Trust |
| November 2009 | U.S. Bank takes possession *for the first time* of the original note and mortgage |
| December 2009 | U.S. Bank causes Aurora to execute an allonge to the note in favor of the Trust |

7.     Essentially, every single act to perfect the Bank's interest in the subject property occurred after the petition date during the period of time when the automatic stay was in place.

---

[1] Because U.S. Bank has either refused to provide or has objected to nearly all of the Trustee's propounded discovery, the Trustee is required to estimate some dates and use the best available extraneous evidence to piece together the sequence of events in this case.

[2] For general background on how the Lehman securitized trusts were created and structured, *see* Graham Rayman, WALL STREETWALKERS: THE SLEAZY LEHMAN BROTHERS SUBSIDIARY, Villiage Voice (Tuesday, November 4th, 2008), available online at: http://www.villagevoice.com/2008-11-05/news/wall-streetwalkers-the-sleazy-lehman-brothers-subsidiary/1 .

8.      The Bank executed the allonge after the Trustee filed her objection and informed the Bank that the copy of the note attached to its *Motion for Relief from Stay* (Doc. 22) was not endorsed in favor of the Trust.

<u>Lack of Standing</u>

9.      Neither the Bank nor the Trust have standing to obtain relief from the automatic stay.[3]

10.     Florida law holds that a lender lacks standing to foreclose if the assignment was executed and filed after the foreclosure complaint was filed. *Progressive Express Insurance Company v. McGrath Community Chiropractic*, 913 So.2d 1281 (Fla. 2d DCA 2005); *Jeff-Ray Corp v. Jacobson*, 566 So.2d 885 (Fla. 4th DCA 2004). *See, e.g., U.S. Bank Nat. Ass'n v. Rose*, 2009 WL 2996404, *2996404+ (Trial Order) (Fla.Cir.Ct. Sep 14, 2009) Order Granting Motion to Dismiss Complaint; *American Residential Equities, XXXI, LLC v. Kohn*, 2007 WL 4966230, *4966230 (Trial Order) (Fla.Cir.Ct. Oct 16, 2007) Order Granting Defendants' Amended Motion for Summary Judgment, Motion to Strike Affidavit of Steven Brand and Motion to Strike Notice of Hearing and Denying Plaintiff's Motion to Continue Hearing (NO. 16-2004-CA-5879).

11.     It is axiomatic that, if the Bank lacked standing to enforce its mortgage and foreclose as of the petition date, it lacked standing to enforce its mortgage in the bankruptcy case as of the petition date. Therefore, the Bank has no standing or ability to file a secured claim, or to obtain relief from the automatic stay.

12.     The issue before the Court is whether the Bank's post-petition repair efforts are sufficient to retroactively restore its standing as of the petition date.

---

[3] Although it is not relevant to the Trustee's argument, additionally note that neither U.S. Bank nor the Trust is listed as a creditor in the debtor's bankruptcy petition, nor has either entity filed any claim in the case.

13.     The Trustee argues that post-petition perfection of an interest in a note and mortgage is not valid or sufficient to cure a lack standing as of the petition date, and that such efforts (1) are violations of 11 U.S.C. § 362, possibly sanctionable ones, and (2) are avoidable in any case by the Trustee as post-petition transactions pursuant to 11 U.S.C. § 549.

14.     Because no party has standing to enforce any alleged secured interest in the note and mortgage within this bankruptcy case, the estate is entitled to sell the property and distribute the proceeds to the unsecured creditors.

15.     To the extent that the Bank has the ability to file a provable unsecured claim in the case, it has the ability to take its pro-rata share of the proceeds and will suffer no forfeiture.

16.     The Bank's lack of standing is fatal to its claim in the bankruptcy case, whether or not it has perfected its secured interest.

### The Bank's Pre-Petition Failure to Perfect its Secured Interest

17.     The Trustee argues that avoidance is unnecessary, that there is no secured interest to avoid, because the Bank failed to create any secured interest prior to the filing of the bankruptcy petition.

18.     There are three primary steps that a creditor must take to perfect its interest when purchasing the right to enforce a note and mortgage: (1) take delivery and possession of the original note and mortgage; (2) execute and record an assignment of the mortgage; and (3) execute an endorsement of the note by the original creditor in favor of the purchasing creditor.

19.     The Trustee would argue that failing to take any *one* of these steps would be fatal to the creditor's secured interest. E.g., the creditor might take possession of the note, and

therefore have the bare right to enforce the note, but lacking assignment and endorsement, could not enforce the mortgage – and is therefore an unsecured creditor.

20.     Here, the Bank completed *none* of the three steps prior to the petition date. Rather, the Bank took all three steps *after* the petition date. There is no evidence that the Bank made any effort whatsoever to perfect its secured interest in the real property.

21.     Therefore, the issue before the Court is whether a creditor who purchases the right to enforce a note and mortgage can wait until after a bankruptcy petition is filed, and only then take possession, and perform the duties necessary to establish its secured interest pursuant to Articles 3 and 9 of the UCC (assignment and endorsement) and Florida Statute.

22.     As a threshold matter, the Bank's argument is misplaced that even if it held no perfected secured interest prior to the imposition of the stay, its predecessor-in-interest held the secured interest for it as some kind of "placeholder."

23.     Lehman Brothers' ability to enforce the note or mortgage was extinguished when in 2006 it was paid by the Trust for the pool of mortgages which form the Trust's corpus.

24.     Thus, there is no predecessor entity that was "preserving" a validly perfected secured interest for the Bank, just waiting to be transferred to the Bank upon the post-petition execution of the security documents (the assignment and the allonge).

25.     Because, as of the petition date, the Bank had taken no steps to perfect its secured interest, the Trustee argues that the Bank has no ability to file a secured claim, and thus, no cognizable secured interest requiring relief from stay.

26.     To the extent that any inchoate or unperfected secured interest exists, the Trustee argues that §§ 362 and 549 provide the Trustee with the necessary avoidance powers.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via first-class United States, postage prepaid, or via electronic filing this day, to Creditor: Broad and Cassel, attn C. Craig Eller, One North Clematis Street, Suite 500, West Palm Beach, FL 33401; Debtor: Jorge Canellas, 2033 Bearing Lane, Kissimmee, FL 34741;  Debtors' Attorney: David L. Robold, 823 Irma Avenue, Orlando, FL  32803-3806; Chapter 7 Trustee: Carla Musselman, 1619 Druid Road, Maitland, FL 32751-4211; and to the United States Trustee's Office, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801.

Dated this 31st day of December, 2010.

CHILDERSLAW

Sixth Street Executive Center
1330 NW Sixth Street, Suite C
Gainesville, Florida 32601
tel 866.996.6104  fax 407.209.3870
net jchilders@smartbizlaw.com

 /s/ Seldon J. Childers, Esq.    .
   Florida Bar No. 61112