UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:                                                                     Case No. 6:09-bk-12240-ABB

JORGE CANELLAS,                                  Chapter 7

         Debtor.
_____/

TRUSTEE'S SECOND MEMORANDUM IN SUPPORT OF ITS
OBJECTION TO US BANK'S MOTION FOR RELIEF FROM STAY

COMES NOW CARLA P. MUSSELMAN, CHAPTER 7 TRUSTEE (the Trustee), responding to the case law propounded by U.S. Bank (the Creditor) in regard to the Trustee's *Objection to U.S. Bank's Motion for Relief from Stay* (Doc. 25) (the Objection), and in support thereof states as follows:

1. In the Trustee's *Memorandum in Support of its Objection to US Bank's Motion for Relief from Stay* (Doc. No. 43), the Trustee argued that the Creditor's failure to take possession of the note (as well as the resulting bifurcation of title of the note and mortgage) and the Creditor's prepetition failure to take any step to transfer the rights to enforce the obligation resulted in: (a) the Creditor's lack of standing to bring its motion for relief, and (b) the pre-petition destruction of any secured interest in the related property.

2. On January 4th, 2010, at the hearing on the Trustee's Objection (the Hearing), the Creditor admitted or did not contest the Trustee's allegations of fact but defended its position relying on a single case: *Kapila v. Atlanta Mortgage and Investment Co., Federal Home Loan Mortgage Co. (In re Halabi)*, 184 F.3d 1335 (11th Cir. 1999).

3. At the Hearing, the Trustee requested, and the Court granted, the opportunity to review and respond to *Halabi*.

4. First, the Trustee agrees with the holding of *Halabi*.

5. Second, *Halabi* is inapposite to the facts and law of the instant case.

6. The material difference between the *Halabi* case and the instant case is that in *Halabi*, the assignee had already executed the assignment of the note and mortgage prior to the petition date.[1] The assignee's <u>only</u> prepetition failure was in not *recording* the assignment in public record pursuant to Fla. Stat. § 701.02.[2]

7. Therefore, the issue before the *Halabi* court was whether a secured interest, properly transferred and assigned pre-petition, but not compliant with Fla. Stat. § 701.02's recording requirement for assignments, was voidable by the trustee pursuant to 11 U.S.C. § 544.

8. The *Halabi* court held that <u>recording</u> was irrelevant to the avoidability of the secured interest:

> From the point of view of the mortgagor or someone standing in his shoes, a subsequent assignment of the mortgagee's interest – <u>whether recorded or not</u> – does not change the nature of the interest of the mortgagor or someone claiming under him. Nor should the <u>failure to record</u> any subsequent assignment afford the mortgagor or the trustee standing in his shoes an opportunity to avoid the mortgage.

*Halabi* at 1338 (emphasis added).

9. And, in conclusion, *Halabi* holds:

> Thus, it is incorrect that by virtue of Atlantic's <u>failure to record the assignment</u> prior to the debtor's filing for bankruptcy protection, the Trustee was entitled to avoid the mortgage.

---

[1] "On June 24, 1994 – after the mortgage had been assigned to Atlantic but before Atlantic had recorded the assignment – Halabi filed for bankruptcy protection." *Halabi* at 1336.

[2] Furthermore, the assignee in *Halabi* had acquired its interest in the note and mortgage a mere three months before the bankruptcy petition was filed, and there was no indication that the assignee sat on its rights. Here, almost three <u>years</u> passed between the alleged initial purchase by the Creditor (for which no documentation is forthcoming) and the post-petition assignment. Here, unlike in *Halabi*, the Creditor clearly sat on its rights.

*Halabi* at 1339 (emphasis added).

10. Here, unlike in *Halabi*, the Creditor's prepetition failures are nearly universal: the assignment was not <u>executed</u>, the note and mortgage were not <u>properly transferred together</u>, the note was not <u>endorsed</u> in favor of the Creditor, and the Creditor <u>never took delivery</u> of the note in the first place. The Trustee does not complain about the Creditor's *failure to record* the assignment prepetition, but rather that the assignment was not *executed* prepetition, and challenges whether the Creditor has any standing or legitimate secured status at all.[3]

11. All the material factual and legal distinctions between *Halabi* and the instant case are summarized on the **DEMONSTRATIVE AID A**, attached herein.

<u>The Effect of Bifurcation of Note and Mortgage</u>

12. At the Hearing, the Trustee argued that, in addition to the Creditor's lack of standing, by transferring the mortgage without the note and vesting the note in a separate entity which behaved as the rightful owner of the note, the secured status of the obligation was destroyed (and possibly the unsecured status as well).

13. A recent Kansas Supreme Court opinion, *Landmark Nat. Bank v. Kesler*, 289 Kan. 528 (Kan. 2009) explains the common-sense proposition that bifurcation of title between the note and mortgage renders the obligation unenforceable:

> Indeed, in the event that a mortgage loan somehow separates interests of the note and the deed of trust, with the deed of trust lying with some independent entity, the mortgage may become unenforceable.
>
> "The practical effect of splitting the deed of trust from the promissory note is to make it impossible for the holder of the note to foreclose, unless the holder of the

---

[3] However, the Trustee *is* concerned as a secondary matter that the Creditor's post-petition flurry of activity to perfect its interest including the execution of the post-petition assignment constitutes a willful violation of the automatic stay.

> deed of trust is the agent of the holder of the note. Without the agency relationship, the person holding only the note lacks the power to foreclose in the event of default. The person holding only the deed of trust will never experience default because only the holder of the note is entitled to payment of the underlying obligation. The mortgage loan becomes ineffectual when the note holder did not also hold the deed of trust."

*Kesler* at 540 (internal citations omitted).

14. In the instant case, as of the petition date Aurora held the note and the Creditor held the deed of trust. The Creditor is not an agent of Aurora.[4]

15. Therefore, on the petition date, the Creditor did not have the ability to experience default, because only Aurora was entitled to payment of the underlying obligation.

16. This fact relates to the Creditor's standing as well: because the Creditor did not have the right to enforce the terms of the note on the date of the petition, it had no pecuniary interest in the note and thus no standing to move for relief from stay in this case.

## Assignments and Standing

17. The notion that a lender who has failed to execute its assignment prepetition lacks standing in a bankruptcy case is not new. For example, in *In re Maisel*, 378 B.R. 19 (Bankr. D. Mass. 2007), the court examined this issue carefully and on facts similar to the instant case found that the lender lacked standing.

18. In *Maisel*, the court observed lenders seeking relief must comply with legal requirements for standing in bankruptcy cases :

> Unfortunately, concomitant with the increase in foreclosures is an increase in lenders who, in their rush to foreclose, haphazardly fail to comply with even the most basic legal requirements of the bankruptcy system. It is the lenders' responsibility to comply, and this Court's responsibility to ensure compliance,

---

[4] Indeed, not only is the Creditor not an agent of Aurora, but Aurora cannot be an agent of the Creditor as to the instant note. Because the Creditor never initially took delivery of the note, the Creditor never held the right to enforce the note and could not assign that right to anyone else.

> with both the substantive and procedural requirements of the Bankruptcy Code. *See In re Foreclosure Cases*, 2007 WL 3232430 (N.D. Ohio 2007). [This Court] will require proof of each element required to obtain relief from stay. The most basic element required to obtain relief from stay is that a movant have standing to bring and prosecute such a motion.

*Maisel* at 20-21.

19. *Maisel* is not the only recent case critical of lenders filing motions for relief from stay while lacking standing because they failed to hold the note and mortgage. In *In re Nosek*, 386 B.R. 374, 380 (Bankr. D. Mass. 2008), the court observed that:

> "[M]istakes" and misrepresentations ... [are not] ... limited to the identification of roles played by various entities in this industry. *In re Schuessler*, 386 B.R. 458, 2008 WL 1747935, *3 (Bankr. S.D.N.Y. 2008) (movant's motion misrepresented debtor's equity); Porter, Katherine M., "Misbehavior and Mistake in Bankruptcy Mortgage Claims" (November 6, 2007). University of Iowa Legal Studies Research Paper No. 07-29, available at SSRN: http://ssrn. com/abstract= 1027961. As this Court has noted on more than one occasion, those parties who do not hold the note or mortgage and who do not service the mortgage do not have standing to pursue motions for relief or other actions arising from the mortgage obligation. The Court has had to expend time and resources, as have debtors already burdened in their attempts to pay their mortgages, because of the carelessness of those in the residential mortgage industry and the bombast this Court and others have encountered when calling them on their shortcomings.

*Nosek* at 380 (some citations omitted).

20. A number of recent district court opinions hold that foreclosure cannot stand where the foreclosing party cannot show proper ownership of the note and mortgage. *See e.g.*, *In re Foreclosure Cases*, 521 F.Supp 2d (S.D. Ohio 2007) (Rose, J.) (relying almost exclusively on standing, the court determined that a foreclosing party must show standing: "[I]n a foreclosure action, the plaintiff must show that it is the holder of the note and the mortgage at the time that the complaint was filed."); and *Deutsche Bank Nat'l Trust Co. v. Steele*, 2008 WL 111227 (S.D. Ohio 2008) (Abel, J.) (denying summary judgment in favor of lender until such time as Deutsche Bank

was able to offer evidence showing, by a preponderance of evidence, that it owned the note and mortgage when the complaint was filed).

## Conclusion

21. *Halabi* is not relevant to the instant analysis.

22. *Halabi* stands only for the proposition that a secured interest in a mortgage, properly transferred and assigned pre-petition, but not compliant with Fla. Stat. § 701.02's recording requirement for assignments, is not voidable by the trustee pursuant to 11 U.S.C. § 544 and Fla. Stat. § 701.02.

23. The first issue in the instant case is whether a creditor who holds a deed of trust but has not executed an assignment of the deed of trust, and has never taken delivery of the note, can, after the filing of the bankruptcy petition, promote itself over other similarly situated unsecured creditors by (years after the transaction began) completing the transfer and taking all necessary steps to perfect a novel secured interest.

24. The second issue in this case is whether a creditor who allegedly purchased a note but never took delivery of the note has any pecuniary interest and therefore standing as of the petition date to file its motion for relief from stay, and whether a lack of standing if any is curable through the post-petition delivery of the note and execution of an assignment purported to be retroactively effective as of a date preceding the bankruptcy.

25. This Court should find that the Creditor has no pecuniary interest in the note, no standing to obtain relief from stay in this case, and permit the Trustee to file a 363 motion to sell the property.

26. The Trustee also asks the Court to consider whether the Creditor's actions constitute a willful violation of the automatic stay, and whether the Creditor should be required to make the estate whole to the extent of the legal costs expended to prosecute this action.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via first-class United States mail, postage prepaid, or via electronic filing this day, to Creditor: Broad and Cassel, attn C. Craig Eller, One North Clematis Street, Suite 500, West Palm Beach, FL 33401; Debtor: Jorge Canellas, 2033 Bearing Lane, Kissimmee, FL 34741; Debtors' Attorney: David L. Robold, 823 Irma Avenue, Orlando, FL 32803-3806; Chapter 7 Trustee: Carla Musselman, 1619 Druid Road, Maitland, FL 32751-4211; and to the United States Trustee's Office, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801.

Dated this 11th day of January, 2010.



Sixth Street Executive Center
1330 NW Sixth Street, Suite C
Gainesville, Florida 32601
tel 866.996.6104   fax 407.209.3870
net jchilders@smartbizlaw.com

  /s/ Seldon J. Childers, Esq.    .
     Florida Bar No. 61112

# DEMONSTRATIVE AID A
## Material Factual and Legal Distinctions Between *In re Halabi* and the Instant Case

|   | **Issue** | *Halabi* | *Canellas* |
|---|---|---|---|
| > | **The assignment was properly <u>executed</u> pre-petition** | <u>**YES**</u> | NO |
| = | The assignee <u>recorded</u> its assignment post-petition | **YES** | **YES** |
| X | Assignee delayed executing the assignment for almost three years until after the petition date | NO | **YES** |
| X | Assignee took delivery of the note pre-petition | **YES**[5] | NO |
| X | Assignee's note was properly endorsed pre-petition | **YES**[5] | NO |
| X | Title in the note and mortgage were vested in separate unrelated entities | NO[5] | **YES** |
| X | Trustee attempted to avoid the lien relying on 11 U.S.C § 544 and F.S. § 701.02. | **YES** | NO |
| X | Trustee argues that the lender has no standing for the relief it seeks | NO | **YES** |
| X | Trustee argues that there <u>was</u> <u>no</u> properly perfected secured interest as of the petition date (because any such interest never formed or was destroyed) | NO | **YES** |
| X | Trustee argues that the lender has no ability to enforce the terms of the note because it did not hold the note, the note was not endorsed to it, and had never taken delivery of the note | NO | **YES** |

The item identified in blue above is the only one which is factually or legally similar between the two cases.

---

[5] There was no contrary allegation in *Halabi*.