UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
FEB 0 9 2010
CLERK U.S. BANKRUPTCY,
ORLANDO DIVISION

In re:

JORGE CANELLAS,

    Debtor.
_____/

Case No. 6:09-bk-12240-ABB
Chapter 7

## ORDER

This matter came before the Court on the Motion for Relief from Stay (Doc. No. 22) ("Motion") filed by U.S. Bank National Association, as Trustee of the Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, 2006-3 ("Movant"), and the Objection thereto (Doc. No. 25) filed by the Chapter 7 Trustee Carla P. Musselman ("Trustee"). Hearings were held on November 23, 2009, December 7, 2009, December 21, 2009, and January 4, 2010 at which the Trustee, her counsel, counsel for Movant, and counsel for the Debtor Jorge Canellas ("Debtor") appeared.

The parties, pursuant to the Court's directive, filed post-hearing briefs (Doc. Nos. 43, 45, 46, and 47). The Movant's Motion is due to be denied for the reasons set forth herein. The Court makes the following findings of fact and conclusions of law after reviewing the pleadings and evidence, hearing live proffers and argument, and being otherwise fully advised in the premises.

### *Hoffner Avenue Property*

The Debtor filed this case on August 21, 2009 ("Petition Date"). He owns commercial property located at 830 Hoffner Avenue, Orlando, Florida 32809 ("Property") and more particularly described as:

Lot 7, SUNDAY BLOCK, according to the plat thereof, recorded in Plat Book O, Page 27, of the Public Records of Orange County, Florida.

He values the Property at $250,000.00 and listed "Aurora" in Schedule D as holding a security interest in the Property valued at $0.00 (Doc. No. 1). The security interest is not designated as contingent, unliquidated, or disputed. He did not claim the Property as exempt in Schedule C. The Property constitutes non-exempt property of the estate pursuant to 11 U.S.C. Section 541(a).

The Debtor filed an Affidavit (Doc. No. 47) asserting the Property is important to his appraisal business, Appraisers of America, because he operates his business at the Property. The Debtor's statements regarding his business location and intentions as to the Property are inconsistent. He set forth in this Statement of Financial Affairs (Doc. No. 1) he operates the business at his home at 2033 Bearing Lane, Kissimmee, Florida 34741. He set forth in his Statement of Intention (Doc. No. 1) he intends to surrender the Property. His Schedule J does not include a monthly expense for the Property.

The Trustee filed a memorandum on October 21, 2009 stating the initial meeting of creditors pursuant to 11 U.S.C. Section 541 was held and concluded on October 14, 2009, but she has not designated this case as an asset or no asset case. No bar date has been established for the filing of proofs of claim. No proofs of claim have been filed. The Debtor received a discharge on December 22, 2009 (Doc. No. 39).

Movant filed the Motion for Relief from Stay on October 19, 2009 seeking relief from the automatic stay of 11 U.S.C. Section 362(a) pursuant to 11 U.S.C. Sections 362(d)(1) and (d)(2) to continue a foreclosure proceeding against the Property which was pending on the Petition Date. Movant asserts in its Motion:

(i) It is the "owner and holder" of a promissory note and first-priority mortgage on the Property pursuant to an Assignment of Mortgage and Loan Documents.

(ii) The Debtor has failed to pay the monthly mortgage payment of $2,282.90 since May 1, 2009 and the loan balance is approximately $300,662.84, which contains interest charges of $18,232.08, late charges of $570.70, and forced placed insurance costs of $11,314.24.

(iii) The Property has a value of $178,273.00 based upon the Orange County Property Appraiser's 2009 assessment.

(iv) Legal title to the Property is vested in the Debtor.

Accompanying Movant's Motion are:

A. An Affidavit in Support of Motion for Relief from Stay executed in the State of California on October 9, 2009 by Louis Zaffino as a special assets officer at Aurora Bank FSB, which is Movant's authorized servicer and services the Debtor's loan. The Affidavit sets forth the loan balance and a break-down of the arrearages.

B. A copy of the Promissory Note ("Note") executed by the Debtor as Borrower on August 1, 2006 for the principal amount of $274,500.00 payable to Lehman Brothers Bank, FSB as Lender. The Note requires the Debtor to make monthly loan payments of principal and interest of $2,282.90 to Lender from October 1, 2006 for sixty months and thereafter at varying monthly amounts. The interest rate is variable. The Note designates the loan as Loan Number 00207199.

The Note provides it is secured by the Property described in the Mortgage dated August 1, 2006. It sets forth at page 2: "The terms of this Note . . . shall inure to the benefit of Lender and its successors and assigns. . . ." and it is "governed by federal law

applicable to Lender and, to the extent not preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions."

C. A copy of the Mortgage dated August 1, 2006 and executed by the Debtor as Grantor, and his wife Amanda Crim as the joining spouse, in favor Lehman Brothers Bank, FSB as Lender pursuant to which the Debtor granted Lender a first-priority mortgage in the Property, its rents, and personal property to secure his performance of the Note obligations. The Mortgage references Loan Number 00207199, the Note, and contains an identical legal description for the Property as contained in the Note.

The Mortgage provides regarding governing law:

> With respect to procedural matters related to the perfection and enforcement of Lender's rights against the Property, this Mortgage will be governed by federal law applicable to Lender and to the extent not preempted by federal law, the laws of the State of Florida. In all other respects, this Mortgage will be governed by federal law applicable to Lender and, to the extent preempted by federal law, the laws of the State of California without regard to its conflicts of law provisions.

Mortgage at p. 7. It provides regarding successors and assigns:

> Subject to any limitations stated in this Mortgage on transfer of Grantor's interest, this Mortgage shall be binding upon and inure to the benefit of the parties, their successors and assigns.

Id. "Lender" is defined as "Lehman Brothers Bank, FSB, its successors and assigns." Id. at p. 8.

The recordation stamp on page one of the Mortgage reflects it was recorded in the Official Records Book for Orange County, Florida on August 15, 2006 as Instrument 20060534342 at Book 08805, Page 4292.

D. A copy of an Assignment of Mortgage and Loan Documents ("Assignment") executed on September 28, 2009 by Jack Jacob as the Vice President of

4

"Aurora Bank FSB f/k/a Lehman Brothers Bank, FSB," and notarized on September 30, 2009, purporting to assign the Mortgage and underlying loan documents from Aurora Bank FSB, formerly known as Lehman Brothers Bank, FSB, as Assignor, to and in favor of Movant, as Assignee, "effective as of the 30th day of November, 2006."

The Assignment references the Mortgage's Book and Page Numbers and the Property's common and legal descriptions. The recordation stamp on its first page reflects it was recorded in the Official Records Book for Orange County, Florida on October 5, 2009 at Book 9944, Page 1038.

### *Trustee's Objection*

The Trustee opposes Movant's Motion on the grounds Movant lacks standing to obtain stay relief and it failed to perfect its security interest prior to the Petition Date. Her opposition is grounded on the contention the Assignment is invalid. She has presented various legal theories in support of her position:

1. Aurora Bank FSB f/k/a Lehman Brothers Bank did not own the Mortgage and Promissory Note on the date of execution of the Assignment and had no authority to assign them to Movant.

2. By the terms of the two securitized trusts for Lehman Brothers designated 2006-3 registered with the U.S. Securities and Exchange Commission, no assignment occurred.

3. The Assignment was executed and recorded post-petition and may constitute a violation of the automatic stay pursuant to 11 U.S.C. Section 362(a)(4).

4. Movant has not established that on the Petition Date it had physical possession of the original Promissory Note properly endorsed in its favor.

5. Lehman Brothers' ability to enforce the Promissory Note or Mortgage was extinguished in 2006 when it was paid by the Trust for the pool of mortgages which form the Trust's corpus.

6. Title between the Promissory Note and Mortgage were bifurcated, thereby rendering the Mortgage unenforceable.

The Trustee asserts Movant is an unsecured creditor and she has authority to sell the Property free and clear of encumbrances for the benefit of the estate.

Movant asserts the Note and Mortgage are owned by the Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, 2006-3, a private securitized trust, and Movant, as the asserted owner and holder of the Note and Mortgage, has authority to enforce the security interest. Movant presented with its post-hearing brief an Allonge to Promissory Note ("Allonge") purportedly dated August 1, 2006 and executed by Jennifer Henninger as the Special Assets Administrative Assistant of Aurora Bank FSB directing:

> Pay to the Order of U.S. Bank National Association, as Trustee (the 'Trustee') under the Trust Agreement dated as of *October 31, 2006*, among Structured Asset Securities Corporation, as Depositor, Lehman Brothers Bank, FSB, as Servicer, and the Trustee relating to Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, Series 2006-3, without recourse.

Doc. No. 46 (*emphasis added*).

The Debtor filed an Affidavit (Doc. No. 47) stating he had no prepetition communications with Movant, was not aware Movant had a security interest in the Property, and, if the Assignment is deemed invalid, desires to purchase the Property from the Trustee.

*Analysis*

The evidence presented establishes the Property is encumbered by the Mortgage, which secures the Debtor's performance of the Note. The Mortgage was properly perfected pre-petition through its recordation in the Official Records Book for Orange

County, Florida. The Mortgage and Note have not been bifurcated. The Mortgage has not been satisfied. The Debtor had actual knowledge of the unsatisfied Mortgage and the Trustee, through the recordation of the original Mortgage, had constructive, if not actual, knowledge of the unsatisfied Mortgage. Kapila v. Atlantic Mortgage and Inv. Corp. (In re Halabi), 184 F.3d 1335, 1339 (11th Cir. 1999).

The purported assignment of the Note and Mortgage to Movant does not affect perfection or constitute a transfer of property of the estate or the Debtor. Id. at 1337. "[A] subsequent assignment of the mortgagee's interest – whether recorded or not – does not change the nature of the interest of the mortgagor or someone claiming under him." Id. at 1338. Recordation of an assignment post-petition does not constitute a violation of the automatic stay. Id. at 1337; Rogan v. Bank One, N.A. (In re Cook), 457 F.3d 561, 568 (6th Cir. 2006) (affirming the analysis of In re Halabi).

It is uncontroverted the Note has been in default since approximately May 2009 and a balance of approximately $300,662.84 is due and owing. The Debtor, who is a property appraiser, values the Property at $250,000.00 and Movant values the Property at $178,000.00. The Debtor is not making adequate protection payments to Movant. There is no equity in the Property and it is not necessary to an effective reorganization given this is a Chapter 7 proceeding and the disclosures made by the Debtor regarding the Property in his bankruptcy papers. Grounds exist for relief from the automatic stay pursuant to 11 U.S.C. Sections 362(d)(1) and (d)(2).

Movant's Motion, however, is due to be denied because Movant has failed to establish it has standing to seek stay relief. A motion for relief from the automatic stay must be prosecuted in the name of the real party in interest. 11 U.S.C. § 362(d); FED. R.

CIV. P. 17(a)(1); FED. R. BANKR. P. 7017. "The real party in interest in relief from stay is whoever is entitled to enforce the obligation sought to be enforced." In re Jacobson, 402 B.R. 359, 366 (Bankr. W.D. Wash. 2009). Only the holder of the Note and Mortgage, or its authorized agent, has standing to bring the Motion. Id. at 367.

Movant asserts in its Motion it is the "owner and holder" of the Note and Mortgage, but has presented no evidence substantiating that assertion. The copies of the Note presented do not contain an endorsement evidencing an assignment of the Note. The Affidavit executed by Movant's loan servicer makes no mention of the location of the original Note or who has possession of it. Movant proffered no business records or testimony tracing ownership of the Note and establishing Movant is the present holder of the Note.

The veracity of the Allonge and Assignment is questionable. The dates contained in the Allonge are chronologically impossible. The Allonge is dated August 1, 2006, but references a trust that came into existence on *October 31, 2006*. The signature of Jennifer Henninger is undated and not notarized. The Allonge was not referenced in or filed with Movant's Motion in October 2009, but was presented three months later as an attachment to its post-hearing brief.

The Assignment was executed and recorded post-petition approximately two weeks prior to Movant's filing of the Motion for Relief. It was prepared by Jennifer Henninger, who executed the Allonge, and was recorded by the law firm that is representing Movant in this proceeding. Jack Jacob's execution of the Assignment was notarized by Jennifer Henninger and witnessed by Louis Zaffino, the affiant of Movant's Affidavit. It appears the Allonge and the Assignment were created post-petition for the

purpose of the relief from stay proceeding. Movant did not establish Jennifer Henninger and Jack Jacob had authority to execute the Allonge and Assignment.

Movant's submissions are insufficient to establish it is the owner and holder of the Note and Mortgage or is authorized to act for whoever holds these documents. In re Relka, No. 09-20806, 2009 WL 5149262, at *5 (Bankr. D. Wyo. Dec. 22, 2009) (granting stay relief where movant established possession of note through testimony of witness who personally retrieved note from movant's vault); In re Jacobson, 402 B.R. at 370 (denying movant's stay relief motion due to movant's failure to establish it was holder of note); In re Hayes, 393 B.R. 259, 270 (Bankr. D. Mass. 2008) (denying movant's stay relief motion and sustaining debtor's claim objection due to movant's failure to establish it was holder of note). Movant has not established it has standing to bring the Motion and the Motion is due to be denied.

Accordingly, it is

**ORDERED, ADJUDGED AND DECREED** that the Property located at 830 Hoffner Avenue, Orlando, Florida 32809 and more particularly described as:

> Lot 7, SUNDAY BLOCK, according to the plat thereof, recorded in Plat Book O, Page 27, of the Public Records of Orange County, Florida

is encumbered by the Mortgage executed by the Debtor on August 1, 2006 and recorded in the Official Records Book for Orange County, Florida on August 15, 2006 as Instrument 20060534342 at Book 08805, Page 4292, which Mortgage constitutes a valid properly perfected lien, and which secures the Promissory Note executed by the Debtor on August 1, 2006 in the principal amount of $274,500.00 and designated as Loan Number 00207199; and it is further

**ORDERED, ADJUDGED AND DECREED** that the amount of the Mortgage lien encumbering the Property exceeds the Property's value and there is no equity in the Property; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Movant's Motion for Relief from Stay (Doc. No. 22) is hereby **DENIED** due to Movant's failure to establish it has standing to bring the Motion; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Trustee, within twenty-one days of the entry of this Order, is hereby directed, pursuant to 11 U.S.C. Section 704(a) and Federal Rule of Civil Procedure 5009, to file with the Court a Report of No Distribution or to designate this case as an asset case.

Dated this 9th day of February, 2010.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge