UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Re:                                                Case No. 6:09-bk-12240-ABB

JORGE CANELLAS,                         Chapter 7

                 Debtor.
_____/

**TRUSTEE'S MOTION FOR
DETERMINATION OF AMOUNT OF SECURED CLAIM PURSUANT TO § 506(a)**

COMES NOW CARLA P. MUSSELMAN, the duly appointed Chapter 7 Trustee in the above-captioned bankruptcy case, responding to the motion for relief from stay, and seeking determination of secured claim of the Movant pursuant to § 506(a), and in support thereof states as follows:

1. On July 30, 2010, the Movant filed its *Motion for Relief from Automatic Stay Notice of Opportunity to Object and for Hearing* (Doc. No. 95) (the "Motion") as to the real property located at 3805 Calliope Avenue, Port Orange, FL 32129 (the "Property").

2. The Trustee has not received any proof that the Movant is the lawful holder in due course of the Note upon which it is seeking relief. The Note and Mortgage are executed in favor of a different entity than the Movant.[1] The Movant has provided an assignment recorded December 9, 2009 (post-petition) showing a different entity has received the right to enforce the Mortgage. The Mortgage refers on its face to a legal description of the property allegedly secured by the lien as "See Attached Exhibit A,"

---

[1] The Note is executed in favor of "Taylor Bean and Whitaker Mortgage Corp.", an entity not mentioned in the Motion. MERS is the mortgagee named in the Mortgage.

but no exhibit is attached.[2] Neither the Motion or any of the attached exhibits prove the chain of title by which Movant came into possession of the loan obligation.

3. The amount of the secured claim of the Movant has not been established pursuant to § 506(a) and as a result, the Trustee is unable to determine the extent of the estate's equity in the Property, if any.

4. The Trustee has not had sufficient time to determine if equity exists above the alleged lien of the Movant (which may be $0.00 or may be avoidable), and will require production of documents demonstrating Movant's interest and satisfying the requirements of § 506(a).

5. Therefore, relief from stay should not be granted.

6. A hearing on this matter will require ten minutes.

WHEREFORE, the Trustee requests that this Court enter an Order: (a) detemining whether the Movant is the lawful holder of the indebtedness referenced in the Motion; (b) determining the amount of the secured claim of the Movant pursuant to § 506(a); (c) preserving the stay in effect, pending the Trustee's determination as to whether to sell the Property; and for such other and further relief as this Court deems necessary and appropriate.

Dated this 18th day of August, 2010.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by either electronic transmission or by first-class United States Mail postage prepaid, on the above date, to Debtor, Jorge Canellas, 2033 Bearing Lane, Kissimmee, FL 34741; counsel for Debtor, David L. Robold, 823 Irma Avenue, Orlando, FL 32803; counsel for Creditor, Kevin L. Hing, Shapiro & Fishman, LLP, 4630 Woodland Corporate

---

[2] Furthermore, the description of the document in Orange County Public Records (online) reads "NO LEGAL ATTACHED."

Blvd. Suite 100, Tampa, FL 33614; Carla Musselman, Trustee, 1619 Druid Road, Maitland, FL 32751; and the United States Trustee's Office, 135 West Central Boulevard, Suite 620, Orlando, Florida 32801.



Sixth Street Executive Center
1330 NW Sixth Street, Suite C
Gainesville, Florida 32601
tel 866.996.6104  fax 407.209.3870
net jchilders@smartbizlaw.com

 /s/ Seldon J. Childers, Esq.    .
Florida Bar No. 61112